# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

OLUWAFISAYO RACHEL
OGUNDBODE,

        Petitioner,

v.                                         No. 18-CV-00466-JCH-KK

DHS/ICE OFFICE OF THE CHIEF
COUNSEL,

        Respondent.

## ORDER OF TRANSFER

THIS MATTER is before the Court on pro se Petitioner Oluwafisayo Rachel Ogunbode's Notice of Appeal [Doc. 5], filed on May 16, 2018. Also before the Court is Petitioner's Motion For Leave To Appeal In Forma Pauperis [Doc. 6], "Emergency" Motion For Staying Order Of Deportation Pending Appeal [Doc. 7], and Motion For Extension Of Time To File The Notice Of Appeal And To Appeal [Doc. 8]. For the reasons explained below, Petitioner's appeal will be transferred to the United States Court of Appeals for the Tenth Circuit.

In this proceeding, Petitioner, who is a citizen of Nigeria, seeks to appeal from the decision of the Board of Immigration Appeals (BIA) issued on February 14, 2018. [Doc. 5] In its decision, the BIA dismissed Petitioner's appeal from the judgment of the Immigration Judge denying Petitioner's application for asylum and withholding of removal under sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and

Nationality Act, 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A) and application for protection under the Convention Against Torture pursuant to 8 C.F.R. §§ 1208.16(c), 1208.18. [Doc. 5 at 5] The BIA also reinstated the Immigration Judge's grant of Petitioner's application for a 60-day period of voluntary removal under 8 U.S.C. § 1229c(b)(1). [Doc. 5 at 8] In addition to appealing the BIA's decision, Petitioner also moves the Court to extend the time for filing appeal, stay the order of removal pending her appeal, and grant her permission to proceed in forma pauperis on appeal. [Docs. 6, 7, 8]

Title 8 of the United States Code, section 1252(a)(5) provides, in relevant part, that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . a petition for review filed with the *appropriate court of appeals*" is the "sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5) (emphasis added). Thus, this Court lacks jurisdiction to review the BIA's decision. *See Schmitt v Maurer*, 451 F.3d 1092, 1094 (10th Cir. 2006) (recognizing that "district courts no longer have jurisdiction over habeas petitions challenging orders of removal. Instead, courts of appeals can consider in the first instance constitutional claims and questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D)").

Although Petitioner improperly filed her appeal in this Court, "the transfer statute, 28 U.S.C. § 1631, . . . permits a court to transfer a case to a court that would have had jurisdiction on the date when the action was filed, where the transferring court lacks jurisdiction over the case in question, and where such a transfer would be in the interest of justice." *Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1162-63 (10th Cir. 2004). To

determine whether the Court of Appeals would have had jurisdiction on the date Petitioner's appeal was filed, the Court turns to 8 U.S.C. § 1252(b)(1), which provides that a petition to review an order of removal "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The filing of a timely petition for review is "mandatory and jurisdictional and is not subject to equitable tolling." *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (per curiam) (internal quotation marks and citation omitted). In the present case, Petitioner's appeal was filed on May 16, 2018, more than thirty days after the issuance of the BIA's decision on February 14, 2018. [*See* Doc. 5]

The Court notes, however, that the date on which the BIA's decision became final is unclear. The BIA reinstated the Immigration Judge's grant of a 60-day period of voluntary removal and under 8 C.F.R. § 1241.1(f) an order of removal becomes final "upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General." 8 C.F.R. § 1241.1(f). Thus, under this regulation, the BIA's decision did not become final until April 16, 2018, the date on which the 60-day period of voluntary removal expired, and Petitioner's appeal was timely filed thirty days later—on May 16, 2018.

The Court recognizes that the definition of finality in 8 C.F.R. § 1241.1(f) appears to conflict with the definition of finality in 8 U.S.C. § 1101(a)(47)(B)(1), which provides that an order of removal becomes final upon "a determination by the Board of Immigration Appeals affirming such order." The United States Court of Appeals for the

Tenth Circuit has not yet addressed this conflict,[1] but the Second and Third Circuits have held that the statutory definition of finality controls for the purposes of judicial review under § 1252(b). *See Thapa v. Gonzales*, 460 F.3d 323, 333-34 (2d Cir 2006) (declining to enforce the regulatory definition of finality in § 1241.1(f) and holding "that an order of voluntary departure that includes an alternate order of removal is a final order subject to judicial review under 8 U.S.C. § 1252 once the BIA has affirmed it"); *Obale v. Att'y Gen. of the United States*, 453 F.3d 151, 160 (3d Cir. 2006) (declining to enforce the regulatory definition of finality in § 1241.1(f) because it "would be inconsistent with the statutory definition of a final order of removal if applied to determine finality for purposes of judicial review"), *overruled on other grounds by regulation as recognized in Patel v. Att'y Gen. of the United States*, 619 F.3d 230, 234 (3rd Cir. 2010). Given this Court's lack of jurisdiction, the Court declines to address the conflict between the statute and the regulation and, instead, determines that it is in the interest of justice to transfer this case to the United States Court of Appeals for the Tenth Circuit to decide the issue.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to transfer this case to the United States Court of Appeals for the Tenth Circuit.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The United States Court of Appeals for the Tenth Circuit has held in a different context, however, that the availability of voluntary removal "has no effect at all on the removability of the alien—it affects only the manner of her exit," *Batubara v. Holder*, 733 F.3d 1040, 1042 (10th Cir. 2013) (internal quotation marks and citation omitted), and therefore a BIA decision affirming an order of removal, but remanding for a determination on voluntary removal, is a "final order of removability under § 1101(a)(47), that is subject to judicial review under § 1252," *id.*